UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re:<br><br>Ford Motor Co. Panther Platform/Fuel<br>Tank Design Products Liability Litigation | ] Case No. 1-02-15000<br>]<br>] MDL Docket No. 1488<br>]<br>] JUDGE DONALD C. NUGENT<br>] |
| DONALD MOREHOUSE,<br><br>          Plaintiff,<br><br>   v.<br><br>FORD MOTOR COMPANY,<br><br>          Defendant. | ] MDL Case No. 1:02-15007<br>]<br>] JUDGE DONALD C. NUGENT<br>]<br>]<br>]<br>]<br>]<br>] |

**MOTION FOR APPROVAL OF STIPULATION OF
VOLUNTARY DISMISSAL
WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)**

Now come the parties, by and through counsel, and hereby move this Honorable Court to approve their Stipulation of Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1). Pursuant to Fed. R. Civ. P. 23(e), Court approval of this stipulation of voluntary

dismissal is necessary because this case was originally filed as a class action.

This Honorable Court should grant this stipulation of voluntary dismissal because none of the concerns of Fed. R. Civ. P. 23(e) are implicated herein. No class has been certified and a voluntary dismissal of this action would not impair any class members rights against the defendant. "[T]he primary purpose of Fed. R. Civ. P. 23(e) is to protect absentee class members from the entry of a binding judgment when his interests have not been adequately represented." *In re Mid-Atlantic Toyota Antitrust Litigation*, 564 F.Supp. 1379, 1387 (D.C. Md. 1983). *See also Ingram v. Madison Square Garden Center, Inc.*, 482 F.Supp. 426, 428 (S.D. NY 1979) "(The purpose of requiring Court approval of a 'dismissal' or 'compromise' of a class action is to protect the interest of non-party class members.") The purposes of Rule 23(e) are not implicated in this dismissal. No class has been certified and the dismissal would only impair the future rights of plaintiff Morehouse (ability to voluntarily dismiss an action without prejudice limited to one time).

Additionally, Plaintiff Morehouse has not settled any of his claims against the defendant. There has been no settlement of this litigation. Therefore, the other purpose of Rule 23(e) is not implicated herein. "[T]he purpose of Rule 23(e) is to protect non-party members of a class-not persons such as plaintiff- from unjust or unfair settlements affecting their rights by representatives who lose interest or are able to secure satisfaction of their individual claims by compromise." *Moreland v. Rucker Pharmacal Co.*, 63 F.R.D. 611, 615 (W.D. La. 1974). *See also Held v. Missouri Pacific Railroad Co.*, 64 F.R.D. 346, 348 (S.D. Tx. 1974). ("The provision was aimed at curbing extortionate strike suits").

2

Notice to all putative class members of this dismissal is not required. None of their rights are being affected by this dismissal. When a case is voluntarily dismissed without prejudice, no settlement has been reached between any of the parties and the dismissal does not affect any of the rights of the putative class members, notice should be unnecessary. *See e.g., Larkin General Hosp. Ltd. v. American Telephone & Telegraph Co.*, 93 F.R.D. 497, (E.D. Pa. 1982).

> Some courts have adopted a more enlightened approach in applying Rule 23(e) which avoids procedural posturing and relieves the parties of the expense of notice when it is inappropriate. Each request for dismissal or compromise is examined according to its own circumstances to determine whether it may violate the function of the rule. If neither the loss of benefit to the class nor evidence of collusive agreement is present, notice is unnecessary. Herbert Newberg, Newberg On Class Actions, Section 11.72 (3rd Ed. 1992).

For the foregoing reasons, the parties hereby request that this Honorable Court grant the Stipulation of Voluntary Dismissal and hold that Notice is not required.

Dated: August 5, 2003                Respectfully submitted,

    /s/R. Eric Kennedy
R. Eric Kennedy, Esq. (0006174)
**Weisman, Kennedy & Berris**
Suite 1600 Midland Building
101 Prospect Ave. West
Cleveland, Ohio 44115
(216) 781-1111
Fax: (216) 781-6747
ekennedy@weismanlaw.com

*Attorney for Plaintiff*


    /s/Elizabeth B. Wright
Elizabeth B. Wright, Esq. (0018456)
**Thompson Hine LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
(216) 566-5500
Fax: (216) 566-5800
elizabeth.wright@thompsonhine.com
lauranemer@thompsonhine.com

*Attorney for Defendant*

<u>*CERTIFICATE OF SERVICE*</u>

        A copy of the foregoing Motion for Approval of Stipulation of Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1) has been served upon the following counsel for defendant, Ford Motor Company, via hand delivery, on this 5th day of August, 2003:

Elizabeth B. Wright, Esq.                  *Liaison Counsel for Defendant,*
Laura Bancroft Nemer, Esq.              *Ford Motor Company*
**Thompson Hine LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

and via ordinary U.S. Mail to the following:

Brian Anderson, Esq.                    *Counsel for Defendant, Ford Motor Company*
Teresa Dawson, Esq.
**O'Melveny & Myers LLP**
1625 Eye Street, N.W.
Washington, D.C. 20006-4001

James Feeney, Esq.                       *Counsel for Defendant, Ford Motor Company*
Clay Guise, Esq.
**Feeney, Kellett, Wienner & Bush**
35980 Woodward Avenue
Bloomfield Hills, MI 48304-0934

The foregoing was also filed electronically and notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. (See Fifth Consolidated Service List dtd 6/5/03 previously filed.)

                                              Respectfully,

                                              /s/ R. Eric Kennedy
                                              R. Eric Kennedy, Esq. (0006174)
                                              **Weisman, Kennedy & Berris Co., L.P.A.**